# IN THE COURT OF APPEALS OF IOWA

No. 19-0976
Filed August 7, 2019

IN THE INTEREST OF J.B.,
Minor Child,

T.B., Father,
        Appellant.
_____

        Appeal from the Iowa District Court for Carroll County, Joseph McCarville,

District Associate Judge.


        A father appeals the juvenile court's adjudicatory and dispositional orders

in a child-in-need-of-assistance proceeding. **AFFIRMED.**


        Douglas Cook of Cook Law Firm, Jewell, for appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Martha Sibbel of Law Office of Martha Sibbel P.L.C., Carroll, attorney and

guardian ad litem for minor child.


        Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

A father appeals the juvenile court's adjudicatory and dispositional orders in a child-in-need-of-assistance (CINA) proceeding. The father argues he did not consent to the child's adjudication or the use of the Iowa Department of Human Services' (DHS) social report. He challenges the court's dispositional findings based on the social report, claiming the court's use of the report violated Iowa Code section 232.97 (2019).

The father and mother are the parents of J.B., born in 2016. DHS was involved with the family in 2017 and 2018.[1] In February 2019, police executed a search warrant at the mother's home, during which officers found illegal substances and paraphernalia in areas where the child had access. DHS returned a founded child-abuse assessment against the mother.

On March 1, the State filed a CINA petition, alleging multiple grounds for adjudication. The mother initially agreed to a safety plan that included random drug testing, a substance-abuse evaluation, continuation of mental-health appointments, and cooperation with DHS services. However, the mother refused to sign an application for services, preventing DHS from authorizing or initiating any services. On April 1, the State filed an ex parte application to have the child temporarily removed from parental custody. The State asserted, "The life or health of the child is in imminent danger based upon" the mother's continued refusal to authorize services and "DHS [could not] ensure [the child's] safety due to not

---

[1] In 2017, DHS returned two founded child-abuse assessments based on the child's positive drug test for methamphetamine and both parents' use and sale of methamphetamine out of the home. The prior case closed in September 2018.

having an open service case to initiate appropriate services and monitor the safety of" the child. The district court granted the application and ordered the child's removal from both parents' care and placement in DHS's temporary custody. DHS placed the child with the maternal grandmother and offered supervised visitation to the parents.

In early May, the mother tested positive for methamphetamine. On May 17, DHS filed its progress report, which noted the father's lack of engagement with DHS and the child since removal. On May 20, DHS filed its social-investigation report with the court. DHS recommended the child be adjudicated CINA and remain in its custody for placement in relative care. On May 22, the court held a combined adjudication and dispositional hearing with both parents present with their attorneys. During the hearing, the following exchange occurred:

> [THE STATE]: Your Honor, it's my understanding that the parties have reached an agreement in this matter with regard to the adjudication. It's my understanding that both parents are going to agree that the child is in need. The child is a child in need of assistance, pursuant to subparagraph c(2) and n. Additionally, it is my understanding that the parents [are] in agreement with regards to the removal application, which is that the child shall remain in the custody of [DHS].
>
> THE COURT: Okay. And is it the intent of the parties to do disposition today or is a dispositional hearing requested in one month?
>
> [THE STATE]: From my understanding, Your Honor, it's—My understanding is that the parties will waive or agree to waive time for—to set out a dispositional hearing and will proceed to disposition today. And the dispositional recommendations are set forth within the Department's last report.
>
> THE COURT: Thank you. [father's attorney], is that you and your client's understanding of the agreement?
>
> [FATHER'S ATTORNEY]: Yes. [The father] is in agreement with adjudication under the grounds set forth in the County's petition for a CINA. He has no objection to the—or rather he's in agreement with the recommendations of the Department. He's requesting no additional services at this time.

THE COURT: Thank you.

The mother also waived time for disposition and did not object to DHS's recommendations as noted in the social report.

At the conclusion of the hearing, the court stated on the record that it was adjudicating the child a CINA under section 232.2(6)(b), (c)(2), and (n). The court also ordered the child remain in the maternal grandmother's care with visitation for the parents. The court filed its written ruling later that day, which noted, "The parties stipulated that the facts contained in the petition are true and correct and stipulated to the adjudication that the child is in need of assistance," and "[t]he parties further stipulated to an immediate dispositional hearing." The father appeals.

Appellate review of CINA proceedings is de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "[W]e are not bound by the juvenile court's fact findings; however, we do give them weight." *Id.* The child's best interests are our primary concern. *Id.* The State must prove the allegations by clear and convincing evidence. Iowa Code § 232.96(1). We will affirm the adjudication "if one ground, properly urged, exists to support the decision." *In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). After holding a dispositional hearing, "the court shall make the least restrictive disposition appropriate considering all the circumstances of the case." Iowa Code § 232.99(4).

The father first challenges the child's adjudication as a CINA. He argues he did not knowingly, voluntarily, and intelligently consent to either the adjudication or disposition and contends the record reflects his lack of understanding of the proceedings. The juvenile court cited three statutory grounds for adjudication:

Iowa Code subsections 232.2(6)(b), (c)(2), and (n). The father does not challenge any specific statutory ground but argues that without DHS's report, which he claims he did not give consent to use, there is insufficient evidence to support the child's adjudication. The father also challenges the court's dispositional order, contending the court's use of DHS's social report violated Iowa Code section 232.97 because DHS did not file the report at least five days prior to the hearing.

First, we find the father has failed to preserve the lack-of-consent issue for our review as he raises it for the first time on appeal. "[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases." *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012); *accord In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal."); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). After the court announced at the end of the hearing that it was adjudicating the child a CINA and would continue the child's placement with the maternal grandmother, the father made no objection or even asked any questions. The father did not file any post-hearing motions challenging his consent.

Even if the father had preserved error, we find the father did give consent in the hearing, as his attorney stated to the court the father's consent to the child's adjudication, proceeding with immediate disposition, and the child's continued placement with the maternal grandmother. Further, we find the State proved by

clear and convincing evidence the statutory grounds for adjudication. As a result, we affirm the child's adjudication.

We also find the father failed to preserve his social-report claim. *See A.B.*, 815 N.W.2d at 773. Iowa Code section 232.97(1) provides: "The court shall not make a disposition of the petition until five working days after a social report has been submitted to the court and counsel for the child and has been considered by the court. The court may waive the five-day requirement upon agreement by all the parties." The father did not object to the court's use of the social report before or during the hearing and did not request a continuance to allow additional time for the report's consideration. The court did not address section 232.97 in its written orders, and the father did not file any post-hearing motion.

Even if the father had preserved error, section 232.97 does not require an express waiver by the parents. Instead, the court is allowed to waive the five-day requirement with the "agreement by all the parties." Iowa Code § 232.97(1). We find such agreement in the transcript of the hearing, as the State and both parents agreed to waive time for the dispositional hearing and agreed with DHS's recommendations as stated in the social report. We also find the child's continued placement with the maternal grandmother to be the "least restrictive disposition appropriate considering all the circumstances of the case." Iowa Code § 232.99(4). We therefore affirm the court's dispositional order.

**AFFIRMED.**